IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2013 JUL -2 PM 1:59
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| JUDY JOHNSON, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. A-12-CV-1184-LY |
| | § | |
| THE BERKLEY GROUP, INC., AND | § | |
| CARIBBEAN CRUISE LINE, INC., | § | |
| DEFENDANTS. | § | |

## ORDER

Before the court in the above-styled and numbered cause are Defendants' Motion to Dismiss Amended Complaint and Motion to Strike Certain Damages and Memorandum in Support, filed April 9, 2013 (Clerk's Doc. No. 22), Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint and Motion to Strike Certain Damages, filed April 26, 2013 (Clerk's Doc. No. 24), and Defendants' Reply to Plaintiff's Response to Motion to Dismiss Amended Complaint and Motion to Strike Certain Damages, filed May 10, 2013 (Clerk's Doc. No. 30). Also before the court are Defendants' Motion to Strike the Declaration of Sergei Lemberg and Memorandum in Support, filed May 10, 2013 (Clerk's Doc. No. 29), Plaintiff's Response to Defendants' Motion to Strike the Declaration of Sergei Lemberg, filed May 20, 2013 (Clerk's Doc. No. 32), and Defendants' Reply to Plaintiff's Response to Defendants' Motion to Strike the Declaration of Sergei Lemberg, filed May 30, 2013 (Clerk's Doc. No. 35). Having considered the motions, responses, replies, case file, and applicable law, the court will deny Defendants' motions.

### I. Background

This case arises under the Telephone Consumer Protection Act (the Act). *See* 47 U.S.C. § 227, *et seq.* Plaintiff Judy Johnson alleges that Defendants Caribbean Cruise Line, Inc. (Caribbean)

and The Berkley Group, Inc. (Berkley) work in concert to market and sell timeshare properties through the use of telemarketing calls offering a "free" cruise. According to Johnson's amended complaint, the cruise advertised in these calls is not free, as persons accepting the cruise offer are required to pay various fees and costs and attend a sales presentation for various timeshares that Defendants market, including the Vacation Village at Bonaventure in Fort Lauderdale, Florida, and Vacation Village at Parkway in Orlando, Florida. Johnson claims she received a number of these unsolicited telemarketing calls at her home residence and that these calls, by using an artificial or prerecorded voice to deliver a message without her consent, violate the Act. *See id.* at § 227(b)(1)(B). Johnson seeks statutory damages, actual damages including emotional-distress damages, punitive damages, and attorney's fees and costs.

Defendants now move to dismiss Johnson's amended complaint for lack of personal jurisdiction and failure to state a claim. *See* FED. R. CIV. P. 12(b)(2), (b)(6). Defendants also ask the court to strike Johnson's request for emotional-distress damages and the declaration of Johnson's attorney, Sergei Lemberg, which is attached to Johnson's response to Defendants' motion to dismiss.

## II. Personal Jurisdiction

A.   *Legal Standard*

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). The Due Process clause requires satisfaction of a

two-prong test in order for a federal court to properly exercise jurisdiction: (1) the nonresident must have minimum contacts with the forum state, and (2) subjecting the nonresident to jurisdiction must be consistent with traditional notions of fair play and substantial justice. *Id.*

"Jurisdiction may be general or specific." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008). Specific jurisdiction exists when the plaintiff's claims against the nonresident defendant arise out of or relate to activities that the defendant purposefully directed at the forum state. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In contrast, general jurisdiction requires the defendant to have maintained "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984).

Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). "The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices." *Id.* The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). This court resolves all undisputed facts submitted by the plaintiff, as well as all disputed facts in any affidavits, in favor of jurisdiction. *Luv N' Care, Ltd.*, 438 F.3d at 469.

B.   *Analysis*

It is undisputed that Johnson resides in Texas and Defendants are Florida corporations with their principal place of business in Broward County, Florida. Johnson's amended complaint alleges that this court may exercise personal jurisdiction over these out-of-state Defendants because her

claims arise out of or relate to the multiple phone calls Defendants purposefully made, or purposefully caused to be made, into the State of Texas to Johnson at her home phone number, which had a Texas area code. Defendants contest Johnson's allegation that they made any of the calls at issue in Johnson's complaint and argue that personal jurisdiction cannot be established based solely on telephonic contact with the forum state. Additionally, Defendants claim they lack sufficient contacts with the State of Texas to give rise to general jurisdiction.

Johnson does not assert that this court has general jurisdiction over Defendants. Only specific jurisdiction is at issue. Accordingly, to survive Defendants' motion to dismiss, Johnson must make a *prima facie* showing that her claims arise out of or relate to activities that Defendants purposefully directed at the forum state. *See Luv N' Care, Ltd.*, 438 F.3d at 469; *Alpine View Co.*, 205 F.3d at 215. This court is required to resolve all disputed jurisdictional facts in Johnson's favor. *See Luv N' Care, Ltd.*, 438 F.3d at 469.

As a preliminary matter, the court rejects Defendants' argument that telephonic communications directed into a forum state, standing alone, are never sufficient to support a finding of minimum contacts. The cases cited by Defendants to support that proposition and others identified by the court are all cases in which the communications with the forum merely resulted in the formation of an ongoing business relationship or contract but did not actually give rise to the underlying cause of action. *See, e.g., Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344–45 (5th Cir. 2004); *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986); *Stuart*, 772 F.2d at 1192–94. The cases are distinguishable from the instant case, in which Johnson alleges the telephonic conversations themselves are actionable. *See Wien Air Alaska, Inc. v. Brandt*,

195 F.3d 208, 213 (5th Cir. 1999) ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment.").

The Act makes it unlawful for any person to initiate a telephone call to any residential telephone line using an artificial or prerecorded voice without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B). Johnson alleges that Defendants intentionally violated the Act by making or causing to be made multiple phone calls into the State of Texas to Johnson at her home phone number. These purposeful contacts with the forum state directly give rise to Johnson's claims and, therefore, can give rise to specific personal jurisdiction over Defendants. *See Luv N' Care, Ltd.*, 438 F.3d at 469; *Alpine View Co.*, 205 F.3d at 215. Defendants dispute, however, that they made or had responsibility for the telephone communications at issue in this case.

In determining whether a *prima facie* case of personal jurisdiction exists, this court must accept as true the allegations in Johnson's complaint, unless those allegations are controverted by affidavit submitted by Defendants. *Freudensprung*, 379 F.3d at 343; *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 785 (5th Cir. 1990). Any conflicts in affidavits before the court must be resolved in Johnson's favor. *Freudensprung*, 379 F.3d at 343.

Johnson's complaint alleges that she received numerous automated phone calls advertising a "free" cruise and that persons accepting this offer are required to attend a sales presentation for various timeshares marketed by both Defendants. The complaint includes an excerpt from Caribbean's website allegedly describing Caribbean's involvement in a joint marketing effort with Berkley to promote certain timeshare properties. The excerpt states:

> This is an offer to sell travel and all recipients are entitled to the free round-trip Caribbean Cruise Line cruise with meals and entertainment included to and from Grand Bahama Island, with no purchase necessary. . . . Caribbean

> Cruise Line markets and is responsible for quality travel packages to promote specific hotels and resorts in Orlando, Ft. Lauderdale, and Grand Bahama Island which it exclusively owns and operates; and in return requires the attendance at a presentation on the sale of independent vacation ownership resorts such as Vacation Village at Bonaventure and Vacation Village at Parkway. . . . This advertising material is being used for the purpose of soliciting sales of a vacation ownership plan.

Johnson's complaint further alleges that the two timeshare properties mentioned on Caribbean's website are two of the properties that Berkley markets and sells. Johnson contends Defendants either made or were responsible for directing a third party to make the phone calls at issue.

Defendants have not by affidavit controverted or denied these allegations. *Freudensprung*, 379 F.3d at 343; *Asarco*, 912 F.2d at 785. Rather, Defendants direct the court to affidavits attached to a prior motion to dismiss, which the court dismissed without prejudice upon Johnson's filing of an amended complaint. Even if the court were to consider these affidavits, they do not controvert the crux of Johnson's allegations—that Defendants bore ultimate responsibility for initiating the calls. The affidavits of the presidents of Caribbean and Berkley merely deny making the calls, yet the Act does not limit liability to such persons. *See* 47 U.S.C. § 227(b)(1)(B) (prohibiting any person from "initiat[ing]" automated call to residential telephone line). The Federal Communications Commission, in implementing the Act, has stated that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Mem. Op. & Order, 100 FCC Rcd 12391, 12397 ¶ 13 (1995). Thus, "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call." *Id.*

Accordingly, Defendants' general denial of responsibility for the telephone communications in their motion to dismiss and response, without more, is insufficient to place the jurisdictional

allegations in Johnson's complaint in dispute and shift the burden to Johnson to produce additional affirmative evidence supporting jurisdiction. *See Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010); *see also Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (only properly supported motion for dismissal requires plaintiff to set forth additional facts, by affidavit or otherwise, outside of the pleadings). Because the facts in Johnson's complaint support the conclusion that Defendants were responsible for the phone calls at issue in this case and the phone calls were directed to Texas, the court holds that Defendants have sufficient minimum contacts with this forum to give rise to specific jurisdiction in the context of this lawsuit. *See Alpine View Co.*, 205 F.3d at 215.[1] The court further holds that subjecting Defendants to this court's jurisdiction does not offend traditional notions of fair play and substantial justice. *See Johnston*, 523 F.3d at 609. Johnson has established a *prima facie* case of personal jurisdiction as to both Defendants, and the court will deny Defendants' jurisdictional challenge.[2]

---

[1] The court need not consider the additional evidence proffered in support of Johnson's *prima facie* case of personal jurisdiction and challenged by Defendants as inadmissible: the declaration of Johnson's attorney (Sergei Lemberg), copies of pages from Caribbean's website, the website for the American Resort Development Association, the Better Business Bureau, and the Florida Department of State's Corporations Division, as well as a number of court filings from cases involving Defendants in other jurisdictions. The court will deny Defendants' motion to strike.

[2] The court notes that the basis for Defendants' jurisdictional challenge—that they were not responsible for the calls at issue in this case—is ultimately an issue that will be resolved on the merits of Johnson's lawsuit. By their motion, Defendants essentially ask that the court require Johnson to prove her claim. At the pleading stage, Johnson need not prove the merits of her case, or her jurisdictional allegations by a preponderance of the evidence. Her burden is only to make a *prima facie* case of jurisdiction. *See Luv N' Care*, 438 F.3d at 469. Johnson has satisfied this burden.

### III. Sufficiency of the Pleadings

*A.     Legal Standard*

Motions to dismiss for failure to state a claim under Rule 12(b)(6) are viewed with disfavor and are seldom granted. *See Collins v. Morgan Stanley Dean Winter*, 224 F.3d 496, 498 (5th Cir. 2000). A court ruling on a motion to dismiss must liberally construe the complaint in favor of the plaintiff and all facts pleaded must be taken as true. *See Letterman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Dismissal for failure to state a claim is inappropriate unless the plaintiff's factual allegations fail to show a right to relief that is plausible and above mere speculation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 553–56 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Twombly*, 550 U.S. at 553–56.

*B.     Analysis*

To state a claim under the Act, Johnson must allege the following elements: (1) Defendants initiated a telephone call; (2) to a residential telephone line; (3) using an artificial or prerecorded voice to deliver a message; and (4) without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(1). Defendants claim Johnson's amended complaint fails to state a claim upon which relief can be granted because (1) the complaint impermissibly "lumps both Defendants together," (2) Johnson insufficiently pleads Defendants' control over the supposed automated dialing equipment, and (3) Johnson insufficiently pleads that the calls in question involved the use of automated systems. Defendants asks the court to strike Johnson's request for emotional-distress damages. The court concludes Defendants' arguments are without merit.

First, Defendants' assertion that they are unable to discern the claims against them because Johnson "lumps both Defendants together" is unfounded. Johnson's complaint contends that Defendants—both Caribbean and Berkley—engaged in a joint telemarketing scheme to solicit their products. It is Johnson's allegation that Defendants together made or caused to be made automated calls with an artificial and prerecorded voice to her home telephone and that these calls violate the Act. Nothing in Rule 8 prohibits collectively referring to multiple Defendants where the complaint asserts identical claims against each Defendant. Defendants are on notice that Johnson alleges their joint responsibility for violating the Act.

Additionally, the court finds that Johnson sufficiently pleads the requisite elements of her claims. Johnson pleads in detail the content of the automated voice recordings she received on her residential phone line, which included promotions of Caribbean's cruise offerings and Berkley's timeshare properties. She also provides an excerpt from Caribbean's website, which describes its involvement with marketing "quality travel packages to promote" Berkley's properties in exchange for a "free round-trip Caribbean Cruise Line cruise." Accepting Johnson's allegations as true, as is required in reviewing a motion to dismiss, the court finds her complaint to state a claim that is plausible on its face. See *Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 553–56. The allegations as a whole give rise to a reasonable inference that Defendants could have initiated the automated calls themselves or through a third party. Whether Defendants actually did so is a fact question not to be resolved on a motion to dismiss.

Finally, the court declines to strike Johnson's request for emotional-distress damages. The Act provides for the recovery of "actual damages." 47 U.S.C. § 277(b)(3). Defendants do not direct the court to any authority that stands for the proposition that emotional-distress damages are

excluded from the actual damages recoverable under the Act. Numerous courts have recognized that mental pain and anxiety can constitute actual damages in the context of other statutory rights of action. *See Taylor v. Tenant Tracker, Inc.*, 710 F.3d 824, 828 (8th Cir. 2013) (Fair Credit Reporting Act); *Fuller v. Fiber Glass Sys., LP*, 618 F.3d 858, 865 (8th Cir. 2010) (Title VII of the Civil Rights Act of 1964); *EEOC v. Convergys Customer Mgmt. Grp., Inc.*, 491 F.3d 790, 797 (8th Cir. 2007) (Americans with Disabilities Act); *Patterson v. PHP Healthcare Corp.*, 90 F.3d 927, 938 n. 11 (5th Cir. 1996) (Title VII); *Johnson v. Dep't of Treasury, IRS*, 700 F.2d 971, 977 & n. 11 (5th Cir. 1983) (Privacy Act). However, to ensure such damages are indeed "actual," a claim for emotional-distress damages must be supported by competent evidence of "genuine injury." *Carey v. Piphus*, 435 U.S. 247, 264 n. 20 (1978). In the absence of any authority prohibiting the recovery of emotional-distress damages under the Act, the court will not strike Johnson's request for these damages.

## IV. Conclusion

In summary, the court will deny Defendants' motion to dismiss for lack of personal jurisdiction and for failure to state a claim, as well as Defendants' motion to strike. Johnson's amended complaint sufficiently pleads a cause of action under the Telephone Consumer Protection Act against both Defendants and the facts alleged in her complaint, taken as true, give rise to a *prima facie* case of specific jurisdiction. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Amended Complaint and Motion to Strike Certain Damages and Memorandum in Support (Clerk's Doc. No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike the Declaration of Sergei

Lemberg and Memorandum in Support (Clerk's Doc. No. 29) is **DENIED**.

SIGNED this \_\_\_2nd\_\_\_ day of July, 2013.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE